IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION

CASE NO.: 2:15-cv-14309-RLR

RONALD MURDOCH,

    Plaintiff,

v.

SCHOOL DISTRICT OF ST. LUCIE COUNTY,
FLORIDA; DEBBIE HAWLEY, individually and
in her official capacity as Chairman of the School
Board of St. Lucie County; DONNA MILLS,
individually and in her official capacity as Vice
Chairman of the School Board of St. Lucie County;
KATHRYN HENSLEY, individually and in her official
capacity as Member of the School Board of St. Lucie
County; CAROL A. HILSON, individually and in her
official capacity as Member of the School Board of
St. Lucie County; TROY INGERSOLL, individually
and in his official capacity as Member of the School
Board of St. Lucie County; GENELLE Z. YOST,
individually and in her official capacity as Superintendent
of the School Board of St. Lucie County; and UCOLA
BARRETT-BAXTER, individually and in her official capacity,

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

COMES NOW, Defendant, SCHOOL DISTRICT OF ST. LUCIE COUNTY, FLORIDA; DEBBIE HAWLEY, individually and in her official capacity as Chairman of the School Board of St. Lucie County; DONNA MILLS, individually and in her official capacity as Vice Chairman of the School Board of St. Lucie County; KATHRYN HENSLEY, individually and in her official capacity as Member of the School Board of St. Lucie County; CAROL A. HILSON, individually and in her official capacity as Member of the School Board

Law Offices Carman, Beauchamp, Sang & Gonzales, P.A.
1191 E. Newport Center Drive, Suite 107, Deerfield Beach, Florida 33442, (561) 393-6335

of St. Lucie County; TROY INGERSOLL, individually and in his official capacity as Member of the School Board of St. Lucie County; GENELLE Z. YOST, individually and in her official capacity as Superintendent of the School Board of St. Lucie County; and UCOLA BARRETT-BAXTER, individually and in her official capacity, by and through the undersigned counsel, and does hereby file their Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), and do hereby state:

1. This is a lawsuit that arises out of the Plaintiff's previous employment with the Defendant, THE SCHOOL DISTRICT OF ST. LUCIE COUNTY, FLORIDA during a probationary period.

2. Plaintiff has brought its action under the guise of various constitutional provisions and alleged violations including 42 U.S.C. § 1981; 42 U.S.C. § 1983; 42 U.S.C. § 1985; and 42 U.S.C. § 1988 for violations of Plaintiff's constitutional rights under the First Amendment right of free speech, right to assemble, U.S. Const., Amend I; 14th Amendment right to procedural due process, U.S. Const. Amend XIV; Florida Constitutional right to work, FLA. Const. Art. 1, § 6; and violation of his contractual rights.

3. Based upon the various and voluminous inconsistencies and/or deficiencies as set forth in Plaintiff's Amended Complaint, the defense does hereby move to dismiss same for reasons as stated below:

4. First and foremost, it should be noted that Count V of Plaintiff's Complaint for interference with a contract as well as Count VII and Count VIII should be stricken as on the four corners of the Complaint it is clear that Plaintiff was not an employee of the Defendant at the time of his dismissal, but was instead on a probationary

Page 2

LAW OFFICES CARMAN, BEAUCHAMP, SANG & GONZALES, P.A.
1191 E. NEWPORT CENTER DRIVE, SUITE 107, DEERFIELD BEACH, FLORIDA 33442, (561) 393-6335

period and thus could be terminated for no reason whatsoever. (See Paragraph 14, 73 and 85 of Plaintiff's Amended Complaint.) Therefore, none of the Defendants can be alleged to have tortuously interfered with his contract. (See *R.S. Selby v. Hyco Healthcare Group, LP, 301 Fed. Appx. 908, 11th Cir. (2008)* for the proposition that Plaintiff must establish that he or she is an employee before being able to recover for wrongful termination.) Moreover, in *Barron v. Arizona, 270 Fed. Appx. 706, 9th Cir. (2008)*, it was stated that a probationary employee had no legitimate property interest in continued employment and thus her due process rights were not violated by her discharge during a probationary period where the probationary employee was an at will employee who could be terminated for any reason or no reason.[1]

5. It should also be noted that at various times throughout its Amended Complaint Plaintiff alleges that the Defendants acted toward the Plaintiff with "racial animus". (See, for example, paragraph 54 of Plaintiff's Amended Complaint.) Plaintiff fails to allege his own race or ethnicity, however, until paragraph 180, well after allegations regarding race had already been pled.

6. Plaintiff further has alleged a Complaint against various individuals including Defendants, DEBBIE HAWLEY, DONNA MILLS, KATHRYN HENSLEY, CAROL A. HILSON, TROY INGERSOLL, and GENELLE Z. YOST. However, Plaintiff

---

[1] The *Barron* case is also demonstrative of a second fatal flaw with Plaintiff's Complaint in that at various places Plaintiff seems to allege that Plaintiff was defamed and/or suffered mental damages as a result of his alleged "discharge" during probationary period. However, Plaintiff fails to allege any defamatory allegations or allegations that in any way cast the Plaintiff in a false light and fails to further establish any false information or innuendo regarding the employee was published at all. The same was found to be true in the *Barron* case and that aspect of the Plaintiff's case in *Barron* was extinguished.

Page 3

LAW OFFICES CARMAN, BEAUCHAMP, SANG & GONZALES, P.A.
1191 E. NEWPORT CENTER DRIVE, SUITE 107, DEERFIELD BEACH, FLORIDA 33442, (561) 393-6335

nowhere alleges these individuals race or ethnicity and/or who these individuals are in relation to Plaintiff's employment and/or what specific acts these individuals took toward the Plaintiff in any capacity. For example, Plaintiff does not allege that these individuals were the Plaintiff's supervisors and/or how they specifically individually discriminated against or retaliated against the Plaintiff aside from stating very generally that they "rubber stamped" a discriminatory decision made by Defendant, UCOLA BARRETT-BAXTER, to terminate Plaintiff's employment with SCHOOL DISTRICT OF ST. LUCIE COUNTY (as set forth for example in paragraph 79).[2]

7. Even without the requisite foundation being laid pursuant to the Defendant's or Plaintiff's race (set forth above), Plaintiff's Amended Complaint fails to allege that the subject Defendants acted in any individual capacity or with any actions which were specific to them and causally related to the alleged bad acts and the Plaintiff's alleged damages. It is impossible, therefore, for the defense to understand what Defendants, DEBBIE HAWLEY, DONNA MILLS, KATHRYN HENSLEY, CAROL A. HILSON, TROY INGERSOLL, and GENELLE Z. YOST, did to the Plaintiff in an individual supervisory capacity.[3]

8. As the court is aware, supervisory liability under Section 1983 is appropriate either when the supervisor personally participates in the alleged constitutional violation

---

[2] It should be noted that even in paragraph 79, the Plaintiff's Amended Complaint is inconsistent and confusing. For example, paragraph 79 specifically states that the discriminatory decision was made to terminate Plaintiff's employment with the "SCHOOL BOARD". However, the Plaintiff has not alleged to be employed as a member of the "SCHOOL BOARD" at any time and further the "SCHOOL DISTRICT" is the actual Defendant named.

[3] It can be gleaned from the attachments to Plaintiff's Amended Complaint that these Defendants may be board members, but that still does not lay the requisite foundation of knowledge or intent or correct any of the other foundational issues with Plaintiff's Amended Complaint.

Law Offices Carman, Beauchamp, Sang & Gonzales, P.A.
1191 E. NEWPORT CENTER DRIVE, SUITE 107, DEERFIELD BEACH, FLORIDA 33442, (561) 393-6335

(which is unclear based upon the bare allegation that the Defendants "rubber stamped" a discriminatory decision) or when there is a causal connection between the actions of the supervising official and the alleged constitutional violation. A Plaintiff may establish a causal connection by alleging facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so. See *Spadaro v. City of Miramar*, 855 F. Supp. 2d 1317, 1344-1345 (S.D. Florida 2012). Again, without alleging the Defendants' job capacity and relationship to the Plaintiff and further without alleging any direction on their part related to the alleged discriminatory action and/or even knowledge of the Plaintiff's alleged ethnicity, Plaintiff's Amended Complaint is surely defective.

9. Federal law is very clear that government officials may not be held liable for unconstitutional conduct of their subordinates under a theory of respondeat superior, because vicarious liability is inapplicable, and Plaintiff must plead that each government official/Defendant through his or her own actions, has violated the constitution. *Ashcroft v. Iqbal*, 556, U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

10. Courts have even held that a supervisor's mere knowledge of its subordinates discriminatory purpose does not amount to a supervisor violating the constitution. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Again, it is unclear if Plaintiff can even proceed under such a theory against Defendants, DEBBIE HAWLEY, DONNA MILLS, KATHRYN HENSLEY, CAROL A. HILSON, TROY INGERSOLL, and GENELLE Z. YOST, as it is unclear that those Defendants were even the

Law Offices Carman, Beauchamp, Sang & Gonzales, P.A.
1191 E. Newport Center Drive, Suite 107, Deerfield Beach, Florida 33442, (561) 393-6335

supervisors of Defendant, UCOLA BARRETT-BAXTER. This fact can only be assumed from the fact that they are said to have "rubber stamped" Defendant, UCOLA BARRETT-BAXTER's, alleged discriminatory decision. Plaintiff does not allege adequately what knowledge of events were brought to their attention aside from alleging they failed to follow a request to investigate. Plaintiff does not adequately allege, however, what knowledge they had when they wilfully decided to rubber stamp Defendant, UCOLA BARRETT-BAXTER's decision. Meanwhile, merely not investigating UCOLA BARRETT-BAXTER's decision would not raise to the level of a constitutional violation on those Defendants part. Such failure also would certainly not overcome their qualified immunity. Therefore, Plaintiff's claims against these individuals should be dismissed.

11. It has long been established that qualified immunity protects all but the plainly incompetent or those who knowingly violate the law. See *Wright v. Butts, 953 F. Supp. 1352 (1996)*. Plaintiff must further describe a discriminatory purpose taken at least in part because of an effect upon an identifiable group. The identifiable group at issue, however, in this case is Caucasian. Plaintiff alleges discrimination based upon his race and the difference between his race and that of UCOLA BARRETT-BAXTER who is African American. (See paragraph 180 of Plaintiff's Complaint.) Even in that instance, however, Plaintiff further fails to allege that other employees of a race other than Caucasian were treated differently, and there is thus no substance to the allegation and/or disparaged treatment adequately alleged. [4]

---

[4] Same is not even alluded to or set forth in the Exhibits attached to Plaintiff's Amended Complaint.

Law Offices Carman, Beauchamp, Sang & Gonzales, P.A.
1191 E. NEWPORT CENTER DRIVE, SUITE 107, DEERFIELD BEACH, FLORIDA 33442, (561) 393-6335

12. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court, meanwhile, has held that "[w]hile a Complaint attacked by Rule 12(b)(6) Motion to Dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Court v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "To survive a Motion to Dismiss, a Complaint must contain sufficient factual matter, accepting that it's true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556, U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Id.* Thus, "only a Complaint that states a plausible claim for relief survives a Motion to Dismiss." *Id at 1950.* When considering a Motion to Dismiss, the court must accept all the Plaintiff's allegations as true in determining whether a Plaintiff has stated a claim for which relief can be granted. *Hishon v. King and Spaulding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984). See also *Buckler v. Israel,* 2014 W. L. 1464472 (S. D. Florida 2014).

WHEREFORE, the Defendants respectfully requests this Honorable Court enter an Order granting Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure, and for all other relief the Court deems appropriate.

LAW OFFICES CARMAN, BEAUCHAMP, SANG & GONZALES, P.A.
1191 E. NEWPORT CENTER DRIVE, SUITE 107, DEERFIELD BEACH, FLORIDA 33442, (561) 393-6335

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via e-mail to: Rebecca L. Dixon, Attorney for Plaintiff, Law Office of Rebecca Dixon, PLLC, rebeccadixonlaw@gmail.com, on this 15th day of October, 2015.

                                            Carman, Beauchamp, Sang, & Gonzales, P.A.
*Attorney for Defendants*
1191 E. Newport Center Dr., Suite 107
Deerfield Beach, FL 33442
Primary: Agonzales@carmanbeauchamp.com
Secondary: Rhian@carmanbeauchamp.com
Telephone: (954) 426-4401
Facsimile: (754) 212-4810

By: _____
ANTHONY R. GONZALES
Florida Bar No.: 0373280

H:\TONY\CLIENTS\MURDOCH\Pleadings\Motion.to.Dismiss.wpd

Page 8

LAW OFFICES CARMAN, BEAUCHAMP, SANG & GONZALES, P.A.
1191 E. NEWPORT CENTER DRIVE, SUITE 107, DEERFIELD BEACH, FLORIDA 33442, (561) 393-6335